SONYA BRAUNSTEIN, PLAINTIFF-RESPONDENT, v. THE
MUTUAL LIFE INSURANCE COMPANY OF NEW YORK,
A CORPORATION, DEFENDANT-PROSECUTOR.

Submitted October 6, 1942—Decided February 2, 1943.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and
PORTER.

For the plaintiff-respondent, *Edward Gaulkin.*

For the defendant-prosecutor, *Collins & Corbin* (*Edward
A. Markley* and *James J. Langan,* of counsel).

The opinion of the court was delivered by

PORTER, J. This writ of *certiorari* brings before us for
review the action of the trial judge in setting aside a jury
verdict in favor of the defendant.

The plaintiff has a policy of life insurance in the defendant
insurance company which entitles her to monthly payments
of $82.45 in the event she be totally and permanently disabled
before reaching the age of sixty years and during the con-
tinuance thereof. It appears that plaintiff had been engaged
as a furrier since she was a young girl and that she had no
training for any other occupation. In 1930 when she was
about 38 years old she became sick and unable to work. She
suffered from tuberculosis of the lungs and from November
28th, 1930, until December 28th, 1940, received from the
defendant the disability insurance payments provided for in
the policy. The defendant discontinued the monthly pay-
ments on the theory that plaintiff was no longer disabled and
unable to return to work.

This suit was then instituted for the recovery of the disability payments for the two months following the discontinuance thereof, namely, December, 1940, and January, 1941.

The words of the policy follow: "Disability shall be considered total when there is any impairment of mind or body which continuously renders it impossible for the insured to follow a gainful occupation."

The issue of fact as tried was whether her physical condition was such that she was unable to follow her former gainful occupation. During the ten years that plaintiff was disabled she had been under medical treatment at Caldwell, Saranac, Pleasantville, Lakewood, and other places and was not engaged in any gainful employment. She has been examined periodically by physicians on behalf of the defendant. She says that she has not recovered sufficiently to resume work as a furrier, the only kind of work she is competent to do. Her treating physician and expert medical witnesses testify to the same effect. On the other hand several expert medical witnesses for the defendant say that she has regained her health to the extent that she may safely resume her former occupation.

The case was fully and ably tried. The jury returned a verdict in favor of the defendant. On the return of a rule to show cause the learned trial judge set the verdict aside and granted a new trial by making the rule absolute. He concluded that the verdict was against the weight of the evidence and that in the exercise of his discretion the verdict should be set aside in order that upon further investigation by both parties a result in more substantial justice might be reached. He refers to the fact that the jury returned its verdict after but fifteen minutes deliberation notwithstanding voluminous testimony of a technical and highly controversial matter. In other words, it is apparent that the court found that the verdict had been reached by reason of prejudice, passion or mistake.

District Court Judges are given jurisdiction, in their discretion, to order new trials to be had in *N. J. S. A.* 2:32-120.

In dealing with application for new trial, they are to be governed by the same rules that obtain in the higher courts;

and on this point the language of our highest court, in *Trovato* v. *Capozzi*, 119 *N. J. L.* 147 (at *p.* 149), may well be quoted.

"The trial court heard the witnesses and had the opportunity of observing the demeanor of each of them as he testified, whereas all we can do is to appraise the printed stenographic transcript of what they said. If the action of the trial court in ordering a new trial is to be reviewed at all in error, it is reversible only for the plainest abuse of discretion, and it is not so plain in the present case as to call for this exceptional action on the part of the appellate court."

The writ will be discharged, with costs.